The judgment of the court was pronounced by
Preston, J.
Robert Brand, departed this life in the city of New Orleans in the fall of 1832, leaving the defendant, his widow, and eight minor children, one of whom has since departed this life.
The widow was duly qualified as tutrix of her minor children, and had the greater part of the community property adjudicated to her. A part was reserved for the payment of debts. That part adjudicated to her amounted to $15,369. She obtained a release of the legal mortgage on the property, except on a lot in Camp street, which she specially mortgaged to the under-tutor of her children to secure their interest in the same, and her faithful administration as their tutrix.
As tutrix of her minor children she administered the estate, and caused a part of the remaining property, which was not adjudicated to her, to be sold to pay the debts of the succession.
In 1835 she rendered to the court of probates an account of her administration, which was duly homologated, establishing the balance in favor of the minor children at $9507 50. In the account she represented a lot of ground in Hevia street, estimated in the inventory at $5600, and reserved to pay debts, as yet unsold.
The widow removed to Kentucky with her children, and reared and educated them in that State.
In 1848, five of the children, being of age or married, instituted this suit against their mother, to recever their share of the balance established in their favor in 1838, and claim legal interest from the year 1833; and further demanded that the house and lot situated in Camp street, specially mortgaged to them, should be sold to satisfy their claims concurrently with the two children who were yet minors. They alleged, that she had in some manner disposed of the lot of ground in Hevia street, and claimed that she should account to them for the same.
Judgment was rendered in favor of the children for $9507 50, with interest from the 11th of March, 1833, and decreeing, that the lot in Camp street, specially mortgaged to them, should be sold for cash to satisfy the same. It was sold, and produced $11,900 free of all charges.
At this stage of the proceeding Messrs. Collins and Timberlake filed an opposition to the distribution of the proceeds of the lot among the heirs, and claiming the payment to them out of the same of a debt of about $4000 due by Mrs. Brand, and secured by a pledge of the house and lot. Judgment was rendered in their favor for $809 58, with interest, and that each heir of Robert *716 Brand should pay out of his virile share of the proceeds of the Camp street lot bis proportion of the debt.
The heirs of Brand have appealed. They plead the prescription of one, two, three, and five years against the claim of the opponents; but the claim was acknowledged in writing by Mrs. Brand, from whom it was due in 1847 and again in 1849. And, as it is neither alleged nor proved that she was insolvent at the time she made the acknowledgment, we are of opinion that it is binding on the heirs, and gives the opponents the right to controvert the judgment in their favor against her.
The judgment in favor of the heirs against their mother is but prima facie evidence of her indebtedness to them, and does not bind her creditors if they cap show that the amount was not due. The interest on the amount due the minors cannot be allowed to the prejudice of creditors of their mother and tutrix. She had but the legal interest on $9500, deducting ten per cent for her commission on the same, with which to support and educate eight minor children. She not only necessarily expended that amount, but, it is also proved, expended far more for those objects. She had the right to deduct this interest from the claim of her children against her; and her creditors must have the benefit of that right. See the case of the Succession of Guillemin, 2d Ann. 638. The marriage or majority of some of the children may have arrested this expenditure as to them; but even this will not affect the conclusion to which we have come to affirm the judgment in this case.
Their ages are specified in the application of Mrs. Brand to qualify as their tutrix; and arresting interest at their majority, would not increase the sum due to the children more than $1500, or, in the aggregate, make $11,000 due to them.
Mrs. Brand inherited from a deceased son one fourth of his share in the $9500, say $294, which, deducted from $11,000, and the balance from the net proceeds of the sale of the house and lot would leave about $1200 surplus to meet the opponent’s claim of $809, with five per cent interest from the 1st of September, 1846; rendering it unnecessary to examine the other grounds of opposition made by the third opponents.
The judgment of the district court is affirmed, with costs.